UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.07-81049-Civ-Hurley/Hopkins

SHARON COHEN,

    Plaintiff,

vs.

LINDA SWACINA, DISTRICT DIRECTOR,
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,
MIAMI DISTRICT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DE 16)

**THIS CAUSE** has come before this Court upon an Order Referring Plaintiff's Motion for Attorney's Fees to the undersigned for a Report and Recommendation. (DEs 16, 17). This Court has before it Plaintiff's Motion, Defendant's Response, and Plaintiff's Reply. (DEs 16, 18, 19, 20). For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion. (DE 16).

### BACKGROUND

On November 1, 2005, Plaintiff applied for United States citizenship by filing a form N-100. (DE 1, pg. 2). In July of 2007, Defendant conducted an examination of Plaintiff's application, after which Plaintiff was notified that she had passed all the tests and that it would be recommended that her application be granted. (DE 1, pg. 2). After Defendant failed to take any further action with respect to the application within the 120 day time limit mandated by 8

U.S.C.§ 1447(b), Plaintiff commenced the instant action on November 6, 2007, by filing a complaint seeking either (1) a hearing and judicial determination of Plaintiff's application; or (2) an order remanding the matter to the District Director with instructions to complete processing of Plaintiff's application within 120 days. (DE 1, pgs. 1-6).

On January 7, 2008, Defendant filed a Motion to Dismiss and/or for Remand, wherein Defendant argued that the matter should be remanded to the United States Citizenship & Immigration Services office ("USCIS") because the Government had not yet completed running the necessary background checks on Plaintiff. (DE 6, pgs. 1-2). In the motion, Defendant noted that since the creation of the USCIS by the Homeland Security Act of 2003, the task of completing all the required background checks has become a lengthy process. (DE 6, pg. 2).

On May 1, 2008, the District Court granted Defendant's Motion to Remand. (DE 12, pgs. 1-3). In the Order, the District Court stated that it agreed with Plaintiff that the matter should be remanded to the USCIS "for a determination of plaintiff's application within a particular time." (DE 12, pg. 2). USCIS was instructed to "render a decision on Plaintiff's application within 120 days." (DE 12, pg. 3).

On July 2, 2008, Plaintiff filed a Notice of Voluntary Dismissal without Prejudice, wherein she stated that on June 26, 2008, Defendant granted Plaintiff's application, thereby rendering her complaint and request for mandamus moot. (DE 14, pg. 1). The next day, on July 3, 3008, the District Court dismissed Plaintiff's complaint and closed the case. (DE 15). Plaintiff's Motion for Attorney's Fees followed on July 9, 2008. (DE 16).

## **DISCUSSION**

Relying on the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.§ 2412 (2008), Plaintiff

seeks to recover four thousand, six hundred seventy-seven dollars ($4,677.00) in attorney's fees, and five hundred dollars ($500.00) in costs, for a total award of five thousand, one hundred seventy-seven dollars ($5,177.00). (DE 16, pgs. 1-4). Defendant contends that Plaintiff is not a prevailing party under the EAJA. (DE 18, pgs. 2-6). In the alternative, Defendant contends that Plaintiff billed an unreasonable number of hours in the matter. (DE 18, pg. 6).

The EAJA provides in relevant part,

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.§ 2412 (d)(1)(A).

In order for Plaintiff to recover attorney's fees under the EAJA, four (4) conditions must be met: (1) Plaintiff must be a "prevailing party"; (2) the Government's position must not be "substantially justified"; (3) there can be no "special circumstances" which would "make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application must be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Once a court determines that the aforementioned requirements have been met, the court's task in determining the amount of a reasonable fee is essentially the same as described by *Hensley v. Eckerhart*, 461 U.S. 424 (1983). *See Jean*, 496 U.S. at 160-161.

As noted above, the parties' dispute centers on whether Plaintiff is a prevailing party

within the meaning of the EAJA.  This Court concludes that Plaintiff is not a prevailing party.

In *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't. Health and Human Res.*, 532 U.S. 598, 603 (2001) (*citations omitted*), the United States Supreme Court held that in order to be a prevailing party, the plaintiff must receive at least some relief on the merits of at least some of his or her claims.  So long as there is a "court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant," or there is a material alteration of the legal relationship of the parties, the plaintiff may be considered a prevailing party for purposes of an award of attorney's fees.  *See Buckhannon*, 532 U.S. at 604 (*quoting Texas State Teachers Assn. v. Garland Indep. School Dist.*, 489 U.S. 782, 792 (1989)).  In so holding, the Court rejected the "catalyst theory," which had been followed by many Circuits, and which had allowed for an award of attorney's fees even where there was no judicially sanctioned change in the legal relationship of the parties.  *See Buckhannon*, 523 U.S. at 605.  In rejecting the catalyst theory, the Court stated that even where a defendant's voluntary change in conduct may accomplish what the plaintiff sought to achieve in filing the action, such voluntary action "lacks the necessary judicial *imprimatur* on the change."  *Id*.

Although *Buckhannon* was decided under the Fair Housing Amendments Act and Americans with Disabilities Act, the Court observed that fee shifting statutes should be interpreted consistently.  *See Id.* at 603, n.4 (*citing Hensley v. Eckerhart*, 461 U.S. at 424, 433, n.7 (1983)).  Moreover, several Circuits, including the Eleventh, have observed that the term "prevailing party" should be defined the same under the EAJA and other fee shifting statutes.  *See Jean v. Nelson*, 863 F.2d 759, 765, n.8 (11th Cir. 1988) *aff'd sub nom.*, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154 (1990) (stating that the Eleventh Circuit uses the same test for prevailing

4

party under the EAJA as under 42 U.S.C.§ 1988; noting that the legislative history of the EAJA shows that Congress intended to give the term prevailing party the same meaning as in other fee shifting statutes); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1377-1379 (Fed. Cir. 2002) (holding that there is no basis for distinguishing the term "prevailing party" under the EAJA from other fee shifting statutes) (*citing Buckhannon*, 532 U.S. at 602, 603 n.4; *Hensley*, 462 U.S. at 433 n.7), *cert. denied*, 537 U.S. 1106 (2003); *Citizens Coalition for Block Grant Compliance v. City of Euclid*, 717 F.2d 964, 966, n.2 (1983) ("The legislative history of section 2412 indicates that Congress intended that 'prevailing party' as used in the Equal Access to Justice Act be read consistently with its use in other fee-shifting statutes"); *Yousuf v. Motiva Enterps. LLC*, 246 F. App'x 891, 893 (5th Cir. 2007) (noting that although the Petroleum Marketing Practices Act failed to define the term "prevailing party, the term should be defined consistent with caselaw and other statutes) (*citing Buckhannon*, 532 U.S. at 603, n.4).

Both the Eleventh Circuit and other Circuits have held that *Buckhannon* applies to cases under the EAJA. *See Morillo-Cedron v. Dist. Dir., U.S. Citizenship and Immigration Srvcs.*, 452 F.3d 1254, 1258 (11th Cir. 2006) (holding that *Buckhannon* applies to the fee shifting provisions of the EAJA) (*citing Goldstein v. Moatz*, 445 F.3d 747, 752 (4th Cir. 2006); *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006); *Thomas v. Nat'l Sci. Found.*, 330 F.3d 486, 492 n. 1 (D.C. Cir. 2003); *Brickwood Contractors, Inc.*, 288 F.3d at 1379; *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002)).

In *Myers v. Sullivan*, 916 F.2d 659, 661 (11th Cir. 1990), a Social Security Claimant applied for attorney's fees under the EAJA. In addressing the term "prevailing party" under the EAJA, the Eleventh Circuit stated that it is not sufficient for a party to merely obtain a court-

ordered remand for additional administrative proceedings. *See Myers*, 916 F.2d at 666 (*quoting Sullivan v. Hudson*, 490 U.S. 877, 887 (1989) ("We think it clear that . . . a Social Security claimant would not, as a general matter, be a prevailing party within the meaning of the EAJA merely because a court had remanded the action to the agency for further proceedings.") Rather, the party must establish some entitlement to relief on the merits of his or her claims. *See Myers*, 916 F.2d at 666. Within the context of social security cases, the Court stated that a party can meet this test by either obtaining a judgment from a federal court ordering the Secretary of Health and Human Services to provide some of the requested relief, or by establishing entitlement to benefits in administrative proceedings conducted subsequent to the court-ordered remand. *See Id.*

*See also Hudson*, 490 U.S. at 886 ("where a court's remand to the agency for further administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of 28 U.S.C.§ 2412 (d)(1)(A) until after the result of the administrative proceedings is known.")

Application of the foregoing leads this Court to conclude that Plaintiff does not qualify as a prevailing party herein, such that attorney's fees should not be awarded. Although Plaintiff managed to obtain some relief in that the District Court ordered the USCIS to "render a decision on Plaintiff's application within 120 days," (DE 12, pg. 3), the District Court merely remanded the matter for further administrative proceedings, as requested by the parties. (DEs 1, 6, 12). Plaintiff has failed to establish any entitlement to relief on the merits of her claims, as required by *Myers*, 916 F.2d at 666.

Moreover, a remand to the USCIS for additional administrative proceedings does not

appear to constitute a material alteration of the legal relationship of the parties, as contemplated by *Buckhannon*, 532 U.S. at 604. Rather, because both Plaintiff and Defendant requested the court to remand the matter for the USCIS to complete the necessary backrground checks, (DE 1, pgs. 1-6; DE 6, pgs. 1-3), it appears that the remand would be more akin to a defendant's voluntary change in position, than a court-ordered change in the parties' legal relationship, which, as noted in *Buckhannon*, does not confer prevailing party status on Plaintiff. *See Buckhannon*, 523 U.S. at 605 (noting that even if a defendant's voluntary change in conduct accomplishes what the plaintiff sought to achieve in filing the action, such voluntary action "lacks the necessary judicial *imprimatur* on the change.")

*See also Morillo-Cedron*, 452 F.3d at 1258 (holding that the plaintiffs were not prevailing parties under the EAJA because the plaintiffs did not litigate to judgment the Director's failure to process their applications for lawful permanent residency, did not obtain a court ordered change in the parties' relationship, and did not obtain relief on the merits of their claims).

Plaintiff relies on an order issued in *Eidy Labibe Silebi De Donado v. Linda Swacina, Dist. Dir., United States Citizenship & Immigration Srvcs, Miami Dist., et.al.*, No. 07-20190-Civ-Moreno, where the Court found that the plaintiff was a prevailing party under the EAJA because the Court had previously granted the defendant's motion to remand the case to USCIS, and ordered that the USCIS make a decision within 120 days. (DE 16, exh. B; DE 19). In support of its conclusion that the plaintiff was a prevailing party, the Court reasoned that because the USCIS was being ordered to act within 120 days, any decision rendered during that time would not constitute a voluntary change, and would merely be a response to a Court order. Therefore, the Court found that its order of remand carried the "necessary judicial imprimatur"

which was missing in *Buckhannon* and *Morillo-Cedron*. *See Silebi De Donado* at pg. 5.

However, for three reasons, this Court disagrees with such conclusion. First, the decision fails to acknowledge that the Eleventh Circuit has stated that it is not sufficient for a party to merely obtain a court-ordered remand for additional administrative proceedings. *See Myers*, 916 F.2d at 666 (*quoting Sullivan*, 490 U.S. at 887). Ordering the USCIS to merely "make a decision," *Silebi De Donado* at pg. 5, as opposed to ordering the USCIS to actually grant the application, is nothing more than ordering additional administrative proceedings. Second, Plaintiff did not show any entitlement to relief on the merits of the claims, as is required by *Myers*, 916 F.2d at 666. Rather, in its Order, the District Court expressly stated that its Order was "not a judgment on the merits of Plaintiff's naturalization application." *Silebi De Donado* at pg. 5. Finally, the order of remand does not appear to have materially altered the legal relationship between the parties, as required by *Buckhannon*, 532 U.S. at 604 (*quoting Texas State Teachers Assn.*, 489 U.S. at 792).

Plaintiff also relies on *Aronov v. Chertoff*, 536 F.3d 30 (1st Cir. 2008), where the First Circuit held that the plaintiff was a prevailing party under the EAJA. (DE 20). However, *Aronov* is distinguishable from the instant case because in *Aronov*, 536 F.3d at 38, the district court remanded the matter back to the USCIS specifically for the USCIS to "grant plaintiff's application for naturalization, and schedule plaintiff's oath ceremony for no later than November 8, 2006." Here, the District Court did not remand the matter back to USCIS for the specific purpose of granting Plaintiff's application. Rather, the remand was merely for the USCIS to "render a decision" on Plaintiff's application within the required time. (DE 12, pg. 3).

Because this Court concludes that Plaintiff is not a prevailing party under the EAJA, this

8

Court need not address Defendant's contention that Plaintiff billed an unreasonable number of hours in the matter.  (DE 18, pg. 6).

### RECOMMENDATION TO THE DISTRICT COURT

In conclusion, **IT IS HEREBY RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Attorney's Fees.  (DE 16).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED**  this 27 day of October, 2008 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All counsel of record