UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.07-81049-Civ-Hurley/Hopkins

SHARON COHEN,

       Plaintiff,

vs.

LINDA SWACINA, DISTRICT DIRECTOR,
UNITED STATES CITIZENSHIP &
IMMIGRATION SERVICES,
MIAMI DISTRICT,

       Defendant.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DE 16)

**THIS CAUSE** has come before this Court upon an Order Sustaining Plaintiff's Objection to a previously issued Report and Recommendation, wherein the District Court concluded that Plaintiff qualifies as a prevailing party under the Equal Access to Justice Act ("EAJA"), and remanded the matter back to this Court for a determination of whether Plaintiff meets the remaining conditions for an award of attorney's fees under the EAJA, and, if so, whether Plaintiff's claimed fees are reasonable. (DEs 25, 26). This Court has before it Plaintiff's Motion, Defendant's Response, Plaintiff's Reply, and a Supplemental filing by Plaintiff. (DEs 16, 18, 19, 20, 27). For the reasons that follow, this Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion. (DE 16).

### BACKGROUND

The relevant facts of this matter have been stated in this Court's previous Report and

Recommendation and need not be repeated herein.

## DISCUSSION

In her original motion, relying on the Equal Access to Justice Act, ("EAJA"), 28 U.S.C.§ 2412 (2008), Plaintiff sought to recover four thousand, six hundred seventy-seven dollars ($4,677.00) in attorney's fees, and five hundred dollars ($500.00) in costs, for a total award of five thousand, one hundred seventy-seven dollars ($5,177.00). (DE 16, pgs. 1-4). In her supplemental filing, Plaintiff seeks to update her request to account for (1) an increase in the Consumer Price Index; and, (2) proceedings that have occurred subsequent to the time the original motion was filed. (DE 27, pg. 1). As a result, Plaintiff now seeks eleven thousand, nine hundred eighteen dollars and seventy-nine cents ($11,918.79) in attorney's fees, and five hundred dollars ($500.00) in costs, for a total award of twelve thousand, four hundred eighteen dollars and seventy-nine cents ($12,418.79), which is based on the EAJA rate of $125 per hour adjusted by the increased CPI. (DE 27, pg. 2). Plaintiff also contends that the Court should award an even greater fee if the Court finds justification for an increased fee, such as the limited number of available attorneys qualified to handle these proceedings. (DE 27, pg. 2). Defendant's only response in opposition is that Plaintiff's counsel billed an unreasonable number of hours in the matter. (DE 18, pg. 6). Defendant has not objected to Plaintiff's supplemental attorney's fees request, or to the claimed hourly rates.

The EAJA provides in relevant part,

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court

2

>having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.§ 2412 (d)(1)(A).

In order for Plaintiff to recover attorney's fees under the EAJA, four (4) conditions must be met: (1) Plaintiff must be a "prevailing party"; (2) the Government's position must not be "substantially justified"; (3) there can be no "special circumstances" which would "make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), any fee application must be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.  *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).  The Eleventh Circuit has held that the timely filing requirement is jurisdictional in nature, such that a party's "failure to file an EAJA application within thirty days of a final judgment no longer appealable precludes the district court from considering the merits of the fee application."  *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir. 1993) (*citing Myers v. Sullivan*, 916 F.2d 659, 672-673 (11th Cir. 1990)).  *See also Lopez v. Shalala*, No. 89 C 6482, 1994 WL 478547, *1 (N.D. Ill. Aug. 31, 1994) (noting that the 30 day filing requirement is jurisdictional) (*citing Jabaay v. Sullivan*, 920 F.2d 472, 476 (7th Cir. 1990); *Gordon v. Sec'y Health & Human Srvcs.*, 916 F.2d 712, *2 (6th Cir. 1990) (*unpub.*) (*same*).  Once a court determines that the aforementioned requirements have been met, the court's task in determining the amount of a reasonable fee is essentially the same as described by *Hensley v. Eckerhart*, 461 U.S. 424 (1983).  *See Jean*, 496 U.S. at 160-161.

Because the District Court has determined that Plaintiff is a prevailing party, the first condition of *Jean* has been met.  (DE 25).  Assuming, *arguendo*, that the second and third conditions have been met, this Court turns its attention to the fourth condition, which requires

that, pursuant to 28 U.S.C. § 2412(d)(1)(B), the fee application must be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement. *See Jean*, 496 U.S. at 158. The term "final judgment" is defined by statute as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C.§ 2412(d)(2)(G) (2008).

In *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), the United States Supreme Court, in determining whether a motion for attorney's fees brought under the EAJA was timely, focused on the issue of when a final judgment is entered for purposes of determining when the 30 day time period begins to run. Although much of the *Melkonyan* analysis focused on the differing types of remands in social security cases, and how the time for filing a motion for attorney's fees may change as a result, the Supreme Court ultimately held that the 30 day period for filing the motion for attorney's fees under the EAJA does not begin to run until the District Court enters a final judgment and the time for appeal has expired. *See* 501 U.S. at 93-102 (discussing differences between "sentence four" and "sentence six" remands under 42 U.S.C.§ 405(g)).[1]

In *Melkonyan*, the Court noted that although the petitioner succeeded at the administrative agency level, neither the petitioner nor agency representative ever returned to the District Court for the entry of a final judgment. *See Id*. at 97. Rather, the record only contained the order of the District Court remanding the matter, upon joint motion by the parties, "to the Secretary for all

---

[1] The Third and Seventh Circuits have stated that "courts should treat an EAJA application for fees after remand of an immigration case the same way courts treat the application for fees after a sentence-four remand in the Social Security context." *Shalash v. Mukasey*, 576 F. Supp 2d 902, 907-908 (N.D. Ill. 2008) (*citing Muhur v. Ashcroft*, 382 F.3d 653, 655 (7th Cir. 2004) (stating that it did not see "any difference" between that case, where the plaintiff applied for EAJA fees after succeeding in having her case remanded for reconsideration of her asylum application, and *Shalala v. Schaefer*, 509 U.S. 292 (1993), where the Supreme Court considered the plaintiff's EAJA application for fees in a sentence-four Social Security case remand); *Johnson v. Gonzales*, 416 F.3d 205, 209 (3d Cir. 2005) (agreeing with Seventh Circuit that a remand in an immigration case is essentially the same as a "sentence-four" remand in a Social Security case).

4

further proceedings." *See Id*. at 92.  In an attempt to determine the District Court's intent by such disposition, the Supreme Court observed that because the District Court did not appear to anticipate that the parties would return to court after the administrative proceedings, it could be that the District Court treated the joint motion to remand as a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a), notwithstanding the fact that the parties neglected to file the required signed stipulation.  *See Id*. at 102.  Nevertheless, because the record did not indicate what the District Court intended by such disposition, the United States Supreme Court remanded the matter to the District Court to clarify its order.  *See Id*.  In so doing, the Supreme Court cautioned that if the District Court's order was, "in effect, a dismissal under Rule 41(a), the District Court's jurisdiction over the case would have ended at the point, and petitioner would not have been a prevailing party 'in a civil action,'" within the meaning of 28 U.S.C.§ 2412(d)(1)(A).  *Id*. at 103.  "Under those circumstances, the Secretary would not return to the District Court and petitioner would not be eligible to receive EAJA fees." *Id*.

     Other courts have repeated this rule.  *See Richard v. Sullivan*, 955 F.2d 354, 357-358 (5th Cir. 1992) (holding that because the remand in plaintiff Leger's case was not a sixth sentence remand under section 405(g), the fact that the parties filed a joint stipulation voluntarily dismissing the appeal for further administrative proceedings "effectively terminated the district court's jurisdiction over the case," such that Leger was not a "prevailing party 'in a civil action,'" and was unable to receive fees under the EAJA) (*quoting Melkonyan*, 501 U.S. at 103); *Ruiz v. Comm'r, Soc. Sec.*, 189 F. App'x 112, 113 (3d Cir. 2006) (*unpub.*) (noting that in section 405(g) cases, where a court enters a voluntary dismissal pursuant to Rule 41(a), no EAJA fee is appropriate because there is no prevailing party) (*citing Melkonyan*, 501 U.S. at 102-103); *Bady*

5

*v. Sullivan*, 787 F. Supp. 809, 813 (N.D. Ill. 1992) (noting that if the court's order of remand were really a dismissal under Rule 41(a), then the court's jurisdiction would have ended at such point, there would not be a prevailing party under section 2412(d)(1)(A), and there would be no entitlement to EAJA fees) (*quoting Melkonyan*, 501 U.S. at 103).

Based on *Melkonyan*, this Court concludes that Plaintiff's motion for attorney's fees should be denied. On April 30, 2008, the District Court granted Defendant's Motion to Remand, and instructed the USCIS to "render a decision on Plaintiff's application within 120 days." (DE 12, pgs. 1-3). On July 2, 2008, at the conclusion of the administrative proceedings, rather than move for entry of judgement,[2] Plaintiff filed a Notice of Voluntary Dismissal without Prejudice. (DE 14). The next day, on July 3, 2008, the District Court dismissed Plaintiff's complaint and closed the case. (DE 15). Plaintiff's Motion for Attorney's Fees followed six days later, on July 9, 2008. (DE 16).

Because the District Court voluntarily dismissed Plaintiff's claims on July 3, 2008, pursuant to Rule 41(a), and in accordance with Plaintiff's notice, the District's Court's jurisdiction over the matter terminated on such date, and the Court is precluded from considering the merits of Plaintiff's motion. *See Melkonyan*, 501 U.S. at 103; *Newsome*, 8 F.3d at 777. Therefore, Plaintiff cannot be found to be a prevailing party in a civil action within the meaning

---

[2] At the conclusion of the administrative proceedings, Plaintiff could have returned to the District Court and moved for the entry of judgment as a predicate for a motion for fees under the EAJA. *See Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (noting that often, there will be no final judgment in a civil action for judicial review until the administrative proceedings on remand are complete and additional proceedings occur in the district court) (*citation omitted*); *Melkonyan*, 501 U.S. at 102 (noting that where a case is remanded pursuant to sentence six of section 405(g), the Secretary must return to the District Court at the conclusion of the administrative proceedings for the District Court to enter final judgment); *Newsome v. Shalala*, 8 F.3d 775, 776-777 (11th Cir. 1993) (noting that after Newsome secured a remand and succeeded at the administrative level, she returned to the District Court and moved for entry of final judgment as a predicate for filing her motion for attorney's fees under the EAJA).

of 28 U.S.C.§ 2412(d)(1)(A), and Plaintiff is precluded from receiving EAJA fees.  *See Melkonyan*, 501 U.S. at 103.

### RECOMMENDATION TO THE DISTRICT COURT

In conclusion, **IT IS HEREBY RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Attorney's Fees.  (DE 16).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within ten (10) days of being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), *cert. denied*, 460 U.S. 1087 (1983).  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

**DONE AND SUBMITTED**  this 12 day of January, 2009 at West Palm Beach in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida
All counsel of record