UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-81049-CIV-HURLEY/HOPKINS

SHARON COHEN,

    Plaintiff,

v.

LINDA SWACINA, District Director,
United States Citizenship and
Immigration Services, Miami District,

    Defendant.
_____/

### ORDER SUSTAINING PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE, AND GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

**THIS CAUSE** is before the court upon plaintiff's motion for award of attorneys' fees [DE # 16], and the report and recommendation of the Honorable James M. Hopkins, United States Magistrate Judge [DE # 28]. The magistrate judge recommended that the court deny plaintiff's motion for attorneys' fees. Plaintiff filed an objection to the magistrate judge's report and recommendation [DE # 29].

Pursuant to Fed. R. Civ. P. 72(b), "The district judge . . . shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." The rule requires that objections be filed within ten days of service of the report and recommendation, and that the objecting party arrange for transcription of sufficient portions of the record. Fed. R. Civ. P. 72(b). The district judge may then "accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id*. Portions of the

report and recommendation that are not specifically objected to are subject to the clear error standard.  The identical requirements are set forth in 28 U.S.C. § 636(b)(1).

This suit was filed by a lawful resident of the United States whose application for naturalization had been pending in the United States Citizenship and Immigration Services (USCIS) for over two years.  The complaint was a petition for a court order either determining plaintiff's naturalization application or remanding the matter with instructions to USCIS to process the application within a certain time, pursuant to 8 U.S.C. § 1447(b).  USCIS asked that the matter be remanded without any instructions.  The court found for the plaintiff and remanded to USCIS with instructions to determine the application within 120 days.  *See* DE # 12.  Plaintiff then filed the instant motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).

The magistrate judge's report recommends that the motion be denied because the court lacks jurisdiction to award attorneys' fees following a Rule 41(a) voluntary dismissal.  The report's conclusion stems largely from a sentence in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991), in which the Supreme Court said: "[I]f the court's order was, in effect, a dismissal under Rule 41(a), the District Court's jurisdiction over the case would have ended at that point . . . ."  *Id.* at 103.  The report misconstrues that out-of-context sentence.  The Court in *Melkonyan* made that statement in the context of discussing whether petitioner should be considered a "prevailing party" under the EAJA, as made clear by the remainder of that sentence: " . . . , and petitioner would not have been a prevailing party in a civil action."  *Id.* (internal quotations and alterations omitted).

By that sentence, the Supreme Court did not mean to suggest that district courts are immediately divested of all jurisdiction to determine anything related to a matter that has been

2

resolved pursuant to a Rule 41(a) stipulation. To the contrary, the Supreme Court has recognized that district courts "may consider collateral issues after an action is pending," including where the action has been dismissed pursuant to Rule 41. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (permitting district courts to hear and determine motions for Rule 11 sanctions after a matter has been voluntarily dismissed); *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998). Thus, the court sustains plaintiff's objection to the magistrate judge's conclusion that plaintiff's motion for attorneys' fees must be denied because the court lacks jurisdiction over the case.

To recover attorneys' fees under the EAJA, plaintiff must show that: (1) she is a prevailing party; (2) the government's position was not substantially justified; (3) there are no "special circumstances" that would make a fee award unjust; and (4) the fee application was submitted within 30 days of final judgment in the action and is supported by an itemized statement. *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990).

In sustaining plaintiff's objection to the magistrate judge's original report and recommendation, the court found that plaintiff was a prevailing party. *See* DE # 25. Thus, the first prong of *Jean* has been satisfied.

It further appears that the government's position was not "substantially justified." A position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The position must be "justified to a reasonable degree that could satisfy a reasonable person" or have a "reasonable basis in both law and fact." *Wilkes v. U.S.*, 289 F.3d 684, 688 (11th Cir. 2002). In response to plaintiff's petition for relief pursuant to § 1447(b), the government offered no reasons why plaintiff's naturalization petition should not be remanded with a time limit. The government merely indicated that background and security checks

had not yet been completed. This did not constitute a reason why the court should not direct that those checks should not be completed, and plaintiff's naturalization petition determined, within a particular time as contemplated by 8 U.S.C. § 1447(b). Thus, the government's position was not "substantially justified," and the court ordered USCIS to determine plaintiff's petition within 120 days.

Finally, there are no special circumstances making a fee award unjust, and the fee application was submitted within 30 days of final judgment in the action and is supported by an itemized statement. The motion for attorneys' fees was filed on July 9, 2008, six days after the court entered an order dismissing the action pursuant to plaintiff's stipulation of voluntary dismissal. In any event, as plaintiff correctly points out, the 30-day time limit for filing is not considered jurisdictional after the Supreme Court's decision in *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

The court has further reviewed the itemized statement submitted by plaintiff and concluded that both the number of hours and the hourly rate claimed are reasonable and appropriate under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Accordingly, the court will sustain plaintiff's objection to the magistrate judge's report and grant plaintiff's motion for attorneys' fees.

Therefore, for all the foregoing reasons, it is hereby **ORDERED** and **ADJUDGED** that:

1. Plaintiff's objection [DE # 29] to the magistrate judge's report and recommendation [DE # 28] is **SUSTAINED**.

2. Plaintiff's motion for attorneys' fees [DE # 16] is **GRANTED**.

3. Pursuant to Fed. R. Civ. P. 58(a), the court will enter final judgment by separate order.

Order Sustaining Objection to Magistrate Judge's Report and Recommendation and Granting Plaintiff's Motion for
        Attorneys' Fees
Cohen v. Swacina
Case No. 07-81047-CIV-HURLEY/HOPKINS

   **DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 24th  day of March,

2009.

                    Daniel T. K. Hurley
                    United States District Judge

*Copies provided to counsel of record*
Hon. James M. Hopkins